Filed 1/5/24  In re M.W. CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re M.W., a Person Coming Under the Juvenile Court Law. | |
| SAN BERNARDINO COUNTY CHILDREN AND FAMILY SERVICES,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>J.B.,<br><br>    Defendant and Appellant. | E081918<br><br>(Super.Ct.No. J291700)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  Cara D. Hutson, Judge.  Affirmed.

Melissa A. Chaitin, under appointment by the Court of Appeal, for Defendant and Appellant.

Tom Bunton, County Counsel, Svetlana Kauper, Deputy County Counsel for Plaintiff and Respondent.

1

The juvenile court terminated the parental rights of J.B. (Mother) to her son, M.W. (Welf. & Inst. Code, § 366.26, subd. (b)(1).)[1] Mother contends the juvenile court erred by (1) not expressly stating, on the record, its analysis of the evidence pertaining to the parent-child benefit exception to terminating parental rights (§ 366.26, subd. (c)(1)(B)(i); *In re Caden C.* (2021) 11 Cal.5th 614, 632 (*Caden C.*)); and (2) not finding in favor of Mother on the parent-child benefit exception (§ 366.26, subd. (c)(1)(B)(i)). We affirm.

**DISCUSSION**

A.    LACK OF AN EXPRESS ANALYSIS

The parent-child benefit exception to terminating parental rights applies when "[t]he parents have maintained regular visitation and contact with the child and the child would benefit from continuing the relationship." (§ 366.26, subd. (c)(1)(B)(i).) In *Caden C.*, our Supreme Court wrote, "As to the second element, courts assess whether 'the child would benefit from continuing the relationship.' (§ 366.26, subd. (c)(1)(B)(i).) Again here, the focus is the child. And the relationship may be shaped by a slew of factors, such as '[t]he age of the child, the portion of the child's life spent in the parent's custody, the "positive" or "negative" effect of interaction between parent and child, and the child's particular needs.' " (*Caden C.*, *supra*, 11 Cal.5th at p. 632.)

At the hearing to terminate parental rights, Mother's attorney urged the juvenile court to apply the parent-child benefit exception to termination. When describing the

---

[1]    All subsequent statutory references are to the Welfare and Institutions Code.

second element—whether M.W. would benefit from continuing the relationship with Mother—Mother's attorney explained some of the factors within that element: "the age of the child, the portion of the child's life spent with the parent in her custody, and the child's particular needs." Mother's attorney asserted that M.W. spent the majority of his life with Mother—four out of six years.

In response, M.W.'s attorney argued in favor of terminating parental rights. M.W.'s attorney said, "The parents have both cited *Caden C.*" M.W.'s attorney contended Mother's visits were detrimental to M.W. in that M.W. engaged in negative behaviors for several days after visits with Mother.

San Bernardino County Children and Family Services (the Department) argued that Mother "met the first prong of *Caden C.*" by regularly visiting M.W. but "that's the only prong that she meets." The Department continued, "[I]n regards to the second prong of *Caden C.* it states that the children have [a] substantial, positive emotional attachment to [the] parents. The kind implying that he would benefit from continuing that relationship." The Department argued that M.W.'s poor behavior at school for several days after visits with Mother "can negatively affect him in his future so . . . that prong is not met."

The Department explained that the third step in the parent-child benefit analysis is balancing the detriment to M.W. of terminating parental rights against the benefit to M.W. of adoption. The Department contended that M.W. is young, at six years old, and he would greatly benefit from 12 years in a stable adoptive home.

After the attorneys finished their arguments, the juvenile court said, "The Court finds termination of parental rights would not be detrimental to [M.W.] and there's no exception to .2[6](c)(1) so the Court will grant the order of terminating parental rights." The juvenile court did not state its reasons for finding that the parent-child benefit exception did not apply. However, given that the attorneys' arguments were focused on *Caden C.*, it is reasonable to infer that the juvenile court found Mother did not satisfy the *Caden C.* factors.

Mother contends, "because the juvenile court failed to (1) address the elements and factors articulated in *Caden C.*, (2) explain the factual basis for its findings, (3) engage in any subtle analysis of [M.W.'s] emotional attachment to his mother, it is impossible for this reviewing Court to affirm the findings and order terminating parental rights."

In her appellant's reply brief, Mother concedes that there is no authority requiring the juvenile court to state its analysis on the record. However, Mother contends that without an expressly stated analysis, "it is difficult, if not impossible, to ascertain whether the [juvenile] court relied on impermissible factors." Mother's argument would be better presented to the Legislature. Mother is correct that one can better review the process when the trial court "shows its work," i.e., expressly states its reasoning. However, as Mother concedes, the law does not require the juvenile court to state on the record its reasons for rejecting a parent's argument for an exception to termination. Therefore, while a statement of reasons would be the best practice, it is not reversible error to omit a statement of reasons.

B.    FINDING THAT THE EXCEPTION DOES NOT APPLY

Mother asserts that she should have prevailed under a *Caden C.* analysis, i.e., Mother asserts substantial evidence does not support the juvenile court's finding. Mother urges this court to follow *In re E.T.* (2018) 31 Cal.App.5th 68, 77, in which the appellate court wrote, "The standard is whether the children benefit from Mother's presence in their lives, not whether they could eventually be happy without her."  For the sake of addressing Mother's argument, we will apply the foregoing benefit standard. " 'We apply the substantial evidence standard of review to the factual issue of the existence of a beneficial parental relationship."  (*Id.* at p. 76.)

M.W. was removed from Mother's custody in December 2021 due to Mother's boyfriend physically abusing M.W.; Mother and M.W.'s father having engaged in domestic violence in the presence of M.W.; Mother's drug abuse negatively impacting her child care; and M.W.'s half sibling "sustaining an orbital fracture, a skull fracture to the left of his forehead, and black and blue bruising to the face."

In February 2023, the Department reported that M.W. was "receiving mental health services . . . to address outburst[s], verbal aggression and nightmares.  The [foster parent] shares that the child has decreased these behaviors and that therapy treatments have further decreased [them]."  In June 2023, the Department wrote in its report, "[M.W.'s foster mother] reported that [M.W.] will have a different attitude, he will not listen, and he tends to get into trouble at school for two to three days after the visits [with Mother]."  Mother's parental rights to M.W. were terminated in August 2023.

The foregoing is substantial evidence supporting the finding that Mother's relationship with M.W. had a negative effect on M.W. because he suffered nightmares and had aggressive behaviors following his time with her, which improved during his time in foster care. M.W. regressed after visiting Mother. The evidence reflects that Mother was not a beneficial presence in M.W.'s life. Accordingly, substantial evidence supports the juvenile court's determination that the parent-child benefit exception does not apply in this case.

## DISPOSITION

The order is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER _____
J.

We concur:

McKINSTER _____
Acting P. J.

FIELDS _____
J.

6